**WHITE, Plaintiff, v. WHITE, Defendant.**

Common Pleas Court, Vinton County.

No. 8738. Decided September 9, 1948.

Frederick L. Newdick, McArthur, for plaintiff.
James R. Freemas, McArthur, for defendant.

## OPINION

By CHATFIELD, J.

The Court is well aware of the situations that arise when a husband and wife, residents of different Ohio Counties, each file a divorce or alimony action, in their respective Counties at approximately the same time, and the Court feels that it is well established that the Court getting service of summons first· acquires jurisdiction of the parties and· of the case. This rule results in one Court and one County having one case involving the marital difficulties of the parties and their rights under the divorce and alimony laws. However the situation is different in the instant case where one

Court has two separate and distinct divorce cases pending at the same time, between the same parties, who are both residents of this County, and the rule of law governing as to two cases pending in different counties is no precedent, which the Court can use as a guide to decide the issue raised by this motion to strike the petition filed in the second case from the files. The Court does have jurisdiction over the subject matter and over the persons of the plaintiffs so the difference in the question of jurisdiction over the person and jurisdiction of the subject matter is not material in this case.

The Court rules that he is in control of the records of his Court and it is the sense of the Court that in all actions there is only one petition or its amendments. When a petition is filed and a precipe issued, the Court has jurisdiction and control of the records of the case and the action is commenced even though jurisdiction of the subject matter or of the defendant may not exist.

In the instant case the wife first filed her petition and caused summons to issue thereon; thus, her action became a matter of public record and there was no place for another petition concerning the same subject matter, between the same parties within the contemplation of the civil procedure code of Ohio. In the face of a motion to strike a subsequent petition filed by the husband, from the files, the Court finds said subsequent petition obnoxious to the law and to the plain duty of the Court to keep his records straight. Both parties having appeared through counsel by filing an appeal to the Court in the form of their respective petitions each is subjected to the rules of the Court and the Civil Code of Ohio as to procedural, as distinguished from substantive law.

The motion to strike the second petition from the files is sustained and exceptions are saved to Peter Isaac White.